IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. LINGLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-0563-L |
| | § | |
| FEDERAL BUREAU OF PRISONS, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* civil rights case brought pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff Christopher L. Lingle ("Plaintiff" or "Lingle"), is an individual residing in Arlington, Texas who is serving the remainder of his federal sentence on supervised release. On March 4, 2004, Plaintiff was convicted of making and uttering and conspiring to make counterfeit obligations and securities, and aiding and abetting in *United States v. Lingle*, 3:03-CR-P(02) (N.D. Tex. Dallas Div.). His punishment was assessed at 21 months imprisonment, followed by a three-year term of supervised release. While serving his federal sentence pursuant to an early release program, on April 16, 2005, Lingle was found guilty by the Center Discipline Committee ("CDC") of using narcotics on the basis of an allegedly "false positive reading" on a urine analysis. As a result, Lingle lost 40 days of good-conduct time and seven months of early release. He was reincarcerated from May through December 2005. In early January 2006, he completed his sentence and began serving his term of supervised release. Plaintiff seeks monetary relief for his seven-month imprisonment when the CDC found him guilty of a disciplinary violation and forfeited 40 days of good-conduct time and the eligibility for early release,

and seeks a credit toward his term of supervised release of the seven months.  Pursuant to 28 U.S.C. § 636(b), this action was referred to the United States Magistrate Judge for proposed findings and recommendation.  On September 14, 2006, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") were filed.  Lingle filed Objections to the Magistrate's Findings, Conclusions and Recommendation ("Objections") on October 4, 2006.

## I.      Discussion

The magistrate judge determined that under *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), Plaintiff's *Bivens* action could not be presently maintained since his own allegations and the attachments to his complaint showed that he had not satisfied the favorable termination requirement set out in *Heck* with respect to his disciplinary case.  Under *Heck*, a court must dismiss a complaint brought under 42 U.S.C. § 1983, when the civil rights action, if successful, would necessarily imply the invalidity of a plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. As the magistrate judge correctly notes, the *Heck* "favorable termination" requirement applies to *Bivens* actions and to actions attacking disciplinary proceedings, and applies even after an inmate is released from confinement.  Report at 3-4 (and cases cited therein).  As the magistrate judge correctly found, a ruling granting Plaintiff the relief which he seeks would necessarily implicate the validity of his disciplinary proceedings.  As Plaintiff has not satisfied the requirements of *Heck*, the magistrate judge recommended his complaint be dismissed with prejudice as frivolous.  The magistrate judge also recommended that Plaintiff's Motion to Compel a urine re-test be denied.

In his Objections, Plaintiff does not even mention *Heck*, nor does he make any attempt to explain to the court how he has satisfied the "favorable termination" requirement of *Heck* with regard to the disciplinary proceedings.  Instead, he contends that his allegations are not frivolous, but have an arguable basis in law and fact, and that this *Bivens* action is the next step to exhaust administrative remedies.  Even were the court to accept this as true, Plaintiff's *Bivens* action must still be dismissed under *Heck*,  as any ruling granting Plaintiff the relief which he seeks would necessarily implicate the validity of his disciplinary proceedings, and he has failed to meet the "favorable termination" requirement."  *See Heck, supra*.  Given Plaintiff's failure to satisfy the conditions set forth in Heck, Plaintiff's Motion to Compel should be **denied as moot**.

## II.     Conclusion

Having reviewed the pleadings, file and record in this case, the findings and conclusions of the magistrate judge, and having considered Plaintiff's objections thereto, in accordance with the foregoing, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court.  Plaintiff's Objections are **overruled**.  Accordingly, Plaintiff's complaint is **dismissed with prejudice** to its being reasserted until the conditions of *Heck v. Humphrey* are met, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as it is frivolous.  Plaintiff's Motion to Compel is **denied as moot**.  Final judgment will issue by separate document.

**It is so ordered** this 13th day of October, 2006.

Sam A. Lindsay
United States District Judge